# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PATRICK LEE SAMPSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0361-JED-CDL** |
| | ) | |
| **JANET DOWLING,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Petitioner Patrick Sampson, a state inmate appearing *pro se*,[2] seeks federal habeas relief,

through a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1), from the judgment and

sentence entered against him in the District Court of Pawnee County, Case No. CF-1996-42.  In

two separate motions, Respondent Janet Dowling seeks dismissal of the petition.  The first motion

alleges that Sampson failed to file the petition within 28 U.S.C. § 2244(d)(1)'s one-year statute of

limitations.  The second motion alleges, in the alternative, that Sampson failed to exhaust available

state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A).  Having

considered the petition, Dowling's dismissal motions (Docs. 13, 15) and briefs in support (Docs.

14, 16), and Sampson's response (Doc. 23) in opposition to the motions, the Court grants

---

[1] On December 21, 2020, Sampson notified the Court that he was transferred to the Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma.  Doc. 20.  The Court therefore substitutes the DCCC's Warden, Janet Dowling, in place of Luke Pettigrew as party respondent. Fed. R. Civ. P. 25(d); Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.  The Clerk of Court shall note on the record this substitution.

[2] Because Sampson appears without counsel, the Court must liberally construe his petition and response.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the rule of liberal construction neither requires nor permits the Court to act as Sampson's advocate by crafting legal arguments on his behalf or scouring the record for facts to support his claims.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Dowling's motions and dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, because Sampson failed to exhaust available state remedies as to any claims asserted in the petition.

## I.

In 1996, the State of Oklahoma charged Sampson, in Pawnee County District Court Case No. CF-1996-42, with one count of first-degree murder and one count of first-degree arson.  Doc. 14-2, at 1.[3]  Following a trial, the jury found Sampson guilty as charged and recommended sentences of life imprisonment, as to the murder conviction, and 35 years imprisonment, as to the arson conviction.  Doc. 14-2, at 1.  The trial court sentenced Sampson accordingly, and Sampson filed a direct appeal raising six propositions of error.  Doc. 14-2, at 1-2.  In an unpublished summary opinion filed September 10, 1999, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Sampson's convictions and sentences.  Doc. 14-2, at 1-4.  Sampson did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court.  Doc. 1, Pet., at 2.

In May 2016, Sampson filed a motion for postconviction relief in state district court, seeking DNA testing.  Doc. 14-3, at 1.  On December 2, 2016, the state district court granted the motion and referred Sampson's case to the Oklahoma Innocence Project for further review.  Doc. 14-4, at 1.  Sampson filed the instant federal habeas petition on July 20, 2020.  Doc. 1, Pet., at 14.[4]

---

[3] The Court's citations refer to the CM/ECF header pagination.

[4] The Clerk of Court received the petition on July 24, 2020.  Doc. 1, Pet., at 1.  But Sampson declares, under penalty of perjury, that he placed the petition in the prison's legal mail system, postage prepaid, on July 20, 2020, and the corresponding envelope bears a "legal mail" stamp with that same date.  Doc. 1, Pet., at 14, 19.  Applying the prison mailbox rule, the Court thus deems the petition filed on July 20, 2020.  *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

## II.

To support his request for habeas relief, Sampson identifies three claims.  In ground one, he alleges a due process violation, claiming that the State of Oklahoma lacked jurisdiction over his criminal prosecution, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because he committed his crime of conviction in Indian country and was thus subject to federal prosecution under the Major Crimes Act, 18 U.S.C. § 1153.  Doc. 1, Pet., at 4-5, 15.  In ground two, Sampson alleges, without any supporting facts, that he was denied his Sixth Amendment right to the effective assistance of his trial counsel.  Doc. 1, Pet., at 6.  In ground three, he alleges, without any supporting facts, a violation of his Fifth Amendment right to be free from double jeopardy.  Doc. 1, Pet., at 8-9.

Sampson further alleges in his petition that all three claims are based on "newly discovered evidence," but he fails to clearly identify that evidence.  Doc. 1, Pet., at 4-8.  In response to questions in the petition asking whether he has presented these claims to the highest state court, either through a direct appeal or postconviction proceedings, Sampson states that he has not and asserts, apparently referring to his ground one claim, "Not a state issue, issue of jurisdiction is federal within 'Indian country.'"  Doc. 1, Pet., at 5-6, 8, 10.  In the section of the petition that asks about the timeliness of the petition, Sampson asserts that the claim he raises in ground one—alleging that the State of Oklahoma lacked subject-matter jurisdiction—cannot be waived and can be raised for the first time in collateral proceedings.  Doc. 1, Pet., at 12.

Dowling seeks dismissal of the petition on two grounds.  First, Dowling contends Sampson failed to file the petition within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.  Docs. 13, 14.  Second, Dowling contends Sampson failed to exhaust available state remedies as to the claims asserted in grounds one and two before filing the petition, as required by 28 U.S.C.

§ 2254(b)(1)(A).  Docs. 15, 16.[5]

### III.

On the record presented, the Court agrees with Dowling that Sampson's claims are barred by the one-year statute of limitations.  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  Under some circumstances, the one-year limitation period may commence on later date.  *Id.* § 2244(d)(1)(B), (C), (D). Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).  But the statutory tolling provision applies only if the prisoner properly files an application for postconviction relief or other collateral review in state court within the applicable one-year limitation period.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

In rare circumstances, the one-year limitation period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  And, if a habeas petitioner presents a credible claim of actual innocence, the federal court may excuse the failure to comply with the applicable statute of limitations.  *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

---

[5] Dowling suggests that Sampson exhausted available state remedies as to the double-jeopardy claim asserted in ground three because he raised a double-jeopardy claim on direct appeal.  Doc. 16, at 3 n.2.  For reasons further discussed below, *see infra* section IV, the Court disagrees.

Applying § 2244(a)(1)(A), Sampson's convictions became final on December 9, 1999, 90 days after the OCCA affirmed his convictions and sentences, when the time expired for Sampson to file a petition for writ of certiorari in the Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). His one-year limitation period commenced the next day, December 10, 1999, and, absent any tolling events, expired one year later, on December 11, 2000.[6] *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). Sampson did not file any applications for postconviction relief or other collateral review in state district court between December 10, 1999, and December 11, 2000, and thus cannot benefit from statutory tolling. Doc. 14-1, at 32-34. Because he filed the instant petition on July 20, 2020, nearly two decades after his one-year limitation period expired, the petition is clearly untimely under § 2244(d)(1)(A).

Further, as Dowling argues, Sampson fails to allege, and therefore fails to demonstrate, that his one-year limitation period began at a later date under any other subsection of § 2244(d)(1), that his circumstances warrant equitable tolling of the one-year limitation period that expired on

---

[6] The one-year limitation period would have expired on December 10, 2000, but because that was a Sunday, Sampson had until the following Monday, December 11, 2000, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

December 11, 2000, or that he is actually innocent of the crimes for which he was convicted.[7] The Court thus concludes that the claims raised in the petition are untimely and that the petition should be dismissed with prejudice as barred by the one-year statute of limitations.

## IV.

Alternatively, the Court finds that even if Sampson could overcome the untimeliness of his claims, he concedes, and the record demonstrates, that he failed to exhaust available state remedies as to any of his claims. The AEDPA requires state prisoners to "exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first

---

[7] Dowling acknowledges that Sampson "makes no claim that his statutory year should begin on any date other than the date on which his convictions became final," "fail[s] to present any argument that he is entitled to equitable tolling," and "present[s] no evidence of actual innocence." Doc. 14, Resp't's Br. (First Mot. to Dismiss), at 5, 9 & n.8. Dowling nevertheless addresses the possibility that Sampson's references to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom Sharp v. Murphy*, 140 S. Ct. 2412 (2020), signify an attempt to invoke application of § 2244(d)(1)(C), § 2244(d)(1)(D), or the doctrine of equitable tolling. Doc. 14, Resp't's Br. (First Mot. to Dismiss), at 5-9. The Court declines to adopt Dowling's generous reading of the petition. Even applying the rule of liberal construction, the Court discerns only one argument from Sampson regarding the timeliness of the petition: his argument that a challenge to the state court's subject-matter jurisdiction can be raised at any time and thus is not subject to § 2244(d)(1)'s one-year statute of limitations. Doc. 1, Pet., at 12-15. And Sampson's response to the dismissal motions does not suggest any other argument addressing Dowling's claim that the petition is time-barred. Doc. 23, Resp., generally. Contrary to Sampson's apparent position, the plain language of § 2244(d)(1) provides no exception for due-process claims challenging subject-matter jurisdiction.

opportunity to review his claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Dowling contends that Sampson exhausted the double-jeopardy claim he asserts in ground three by raising it on direct appeal, but failed to exhaust the claims he asserts in grounds one and two. Doc. 16, Resp't's Br. (Second Mot. to Dismiss), at 3 & n.2. However, Sampson indicates in the petition, and the record shows, that Sampson did not exhaust available state remedies as to any of the claims asserted in his petition. Doc. 1, Pet., 4-8; Doc. 16-2, at 36-37. Dowling is correct that Sampson raised a double-jeopardy claim on direct appeal. Doc. 16-1, at 2, 12-17. On direct appeal, he alleged his convictions for first-degree arson and first-degree murder violated his right to be free from double jeopardy. Doc. 16-1, at 12-17. However, because Sampson fails to include any facts to support the double-jeopardy claim he asserts in ground three of his petition, *see* Doc. 1, Pet., at 7-8, the Court cannot determine whether Sampson is presenting the same claim in the petition that he raised on direct appeal. *See Grant v. Royal*, 886 F.3d 874, 891 (10th Cir. 2018) (discussing the AEDPA's exhaustion requirement and explaining that "there is no fair presentation if the claim before the state court was only 'somewhat similar' to the claim pressed in the habeas petition" (quoting *Duncan v. Henry*, 513 U.S. 364, 366 (1995))); *Bland*, 459 F.3d at 1011 (stating that a petitioner cannot satisfy the exhaustion requirement if the petitioner "assert[s] entirely different arguments from those raised before the state court"). Moreover, Sampson indicates in his petition that his ground three claim relies on unidentified "newly discovered evidence" and admits that he did not raise his ground three claim on direct appeal or in any postconviction proceedings. Doc. 1, Pet., at 8. He makes these same indications and admissions as to the claims

he asserts in grounds one and two.  Doc. 1, Pet., at 4-6.  Further, Sampson's only argument relative to Dowling's assertion that the petition should be dismissed for failure to exhaust available state remedies appears to be that his ground one claim is "not a state issue" subject to the exhaustion requirement.  Doc. 1, Pet., at 10; Doc. 23, Resp., at 1-2.  Like § 2244(d)(1)'s statute of limitations, § 2254(b)(1)'s exhaustion requirement makes no exception for due-process claims asserted by state prisoners who allege the State lacked subject-matter jurisdiction over their criminal prosecution.  Because it is clear from the petition and the record that Sampson has not given Oklahoma courts "the first opportunity to review his claim[s] and provide any necessary relief," *O'Sullivan*, 526 U.S. at 844, the Court finds that even if Sampson's claims could be deemed timely, the petition must be dismissed for failure to exhaust available state remedies.

## V.

Based on the foregoing, the Court concludes that Sampson failed to file his petition within the applicable statute of limitations and failed to exhaust available state remedies before filing the petition.  The Court therefore grants Dowling's dismissal motions, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies.  In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on either ground.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Janet Dowling in place of Luke Pettigrew as party respondent.

2. Respondent's motion to dismiss (Doc. 13) is **granted**.

3. Respondent's motion to dismiss (Doc. 15) is **granted**.

4. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

5. The petition for writ of habeas corpus (Doc. 1), is, in the alternative, **dismissed** for failure to exhaust available state remedies.

6. A certificate of appealability is **denied**.

7. A separate judgment shall be entered in this matter.

ORDERED this 8th day of April, 2021.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT